UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 2:15-00029

THOMAS WOODRUM


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On December 6, 2016, the United States of America appeared by W. Clinton Carte, Assistant United States Attorney, and the defendant, Thomas Woodrum, appeared in person and by his counsel, Ann Mason Rigby, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Steven M. Phillips.  The defendant commenced a four-year term of supervised release in this action on April 16, 2014, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on April 19, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state and local offense of driving under the influence on or about January 6, 2015, as evidenced by his guilty plea on April 12, 2016, for which he received a sentence of home confinement and a fine; (2) the defendant committed the state and local offense of driving while revoked for driving under the influence on or about May 5, 2015, as evidenced by his guilty plea on April 12, 2016, for which he received a sentence of home confinement and a fine; (3) the defendant committed the state and local offenses of driving under the influence and reckless driving on or about July 8, 2016, as evidenced by the defendant's stipulation on the record of the hearing that the government possesses sufficient proof to prove the offenses by a preponderance of the evidence; (4) the defendant used alcohol excessively as noted above on January 6, 2015, and July 8, 2016; and (5) the defendant failed to abide by the special condition that he pay restitution at the rate of $25 per month inasmuch as he failed to make those payments in May, June, July, September, November and December, 2015, and in January, February, April, May and June, 2016; all as admitted by the defendant on the

2

record of the hearing with the exception of (3) as set forth above and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of ONE (1) DAY, to be followed by a term of four (4) years of supervised release on Count One and three (3) years on Count Two, to run concurrently, upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts

(National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he spend a period of six (6) months in a community confinement center, preferably Dismas Charties, follow the rules and regulations of the facility and participate in the alcohol abuse counseling and treatment program at Pyramid. Once community confinement has been completed, the defendant shall continue to participate in such alcohol abuse counseling and treatment as directed by the probation officer, including an Alcoholics Anonymous program, and commence payments on restitution at the rate of $50 per month. If the defendant is not accepted into community confinement within the next two months, he shall instead participate in a six-month residential treatment program. The defendant shall continue to participate in the Soberlink program as directed by the probation officer until the further order of the court, being until such time as the court releases the defendant of this condition upon receipt of advice that the defendant's abusive use of alcohol is under control. The defendant shall remain on home detention until he reports to the community confinement center.

4

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  December 8, 2016

John T. Copenhaver, Jr.
United States District Judge

5