```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                          CRIMINAL ACTION NO. 2:15-00029

**THOMAS WOODRUM**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On April 11, 2019, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Thomas Woodrum, appeared in person and by his counsel, Lorena L. Litten, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Steven M. Phillips. The defendant commenced a four-year and a three-year term of supervised release in this action on December 6, 2016, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on December 8, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on May 18, 2018, for methamphetamine; his admission to the probation officer on May 24, 2018, the he had used methamphetamine four to five days per week for one month; a positive urine specimen submitted by him on June 8, 2018, for methamphetamine; a positive urine specimen submitted by him on August 23, 2018, for methamphetamine; a positive urine specimen submitted by him on October 15, 2018, for methamphetamine, the defendant having admitted to the probation officer that he snorted methamphetamine on or about October 12, 2018; a positive urine specimen submitted by him on October 18, 2018, for amphetamine and methamphetamine; a positive urine specimen submitted by him on November 6, 2018, at which time he admitted to the probation officer that he snorted methamphetamine on or about November 3, 2018; and a positive urine specimen submitted by him on November 26, 2018, for methamphetamine, the defendant having admitted to the probation officer that he snorted methamphetamine on or about November 24, 2018; (2) the defendant

failed to participate in outpatient substance abuse treatment as directed by the probation officer to the extent set forth in Violation No. 2; (3) the defendant failed to appear for urine screens on August 7 and 29; September 4, 14, and 19; October 2, 8 and 26; November 1, 7, 12, 27; December 7, 13, 18 and 26, 2018; and January 3, 8 and 14, 2019; (4) the defendant failed to work regularly at a lawful occupation inasmuch as he has been unemployed since May 2018; (5) the defendant failed to notify the probation officer of his change in residence inasmuch as the probation officer learned on January 1, 2019, that the defendant had not resided at his address of record for two weeks, rendering his whereabouts unknown to the probation officer; and (6) the defendant failed to make monthly restitution payments for the months of February, July, August, September, October, November and December, 2017; and January, March, April, May, June, July, August, September, October, November and December, 2018; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate

the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **TIME SERVED** as of April 12, 2019, to be followed by a term of forty-six (46) months of supervised release on Count One and thirty-four (34) months of supervised release on Count Two, to run concurrently, upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that, commencing immediately upon his release from custody, he participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point in Parkersburg, West Virginia, where he shall

follow the rules and regulations of the facility. The defendant shall travel directly from his place of incarceration, without interruption, to the Recovery Point program. The defendant shall participate in further drug abuse counseling and treatment, and random urine screens, as directed by the probation officer.

Restitution is hereby reimposed in the amount of $1,037.46. Commencing two months after the defendant is released from Recovery Point, he shall make monthly restitution payments at the rate of $50 per month.

It is further ORDERED that the defendant be released from his place of incarceration by 8:00 a.m. on Friday, April 12, 2019.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: April 11, 2019

John T. Copenhaver, Jr.
Senior United States District Judge