UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:15-00029

THOMAS WOODRUM


## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER


On October 2, 2019, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Thomas Woodrum, appeared in person and by his counsel, Roger L. Lambert, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Steven M. Phillips. The defendant commenced a forty-six (46) month term of supervised release in this action on April 12, 2019, with the special condition that he participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on April 11, 2019.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in that he failed to participate in and successfully complete the 9 to 12 month program at Recovery Point in Parkersburg, West Virginia, in that the defendant entered that program on April 12, 2019, and on April 16, 2019, he was transported to the Mildred Mitchell-Bateman Hospital in Huntington, West Virginia, for mental health evaluation purposes and upon being discharged from the Hospital on May 8, 2019, he returned to Recovery Point and on May 9, 2019, one day after being returned to Recovery Point, he confronted a staff member in such a manner that he was discharged from the Recovery Point program; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violation warrants revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violation if supervised release were not revoked, it is ORDERED that the supervised release previously

2

imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of two (2) years of supervised release on each of the two underlying offenses, to run concurrently with each other, upon the same terms and standard conditions as heretofore. The defendant shall also participate in further drug abuse counseling and treatment, and random urine screens, as directed by the probation officer.

Restitution is hereby reimposed in the amount of $1,037.46. Commencing two months after the defendant is placed on supervised release, he shall make monthly restitution payments at the rate of not less than $75 per month.

The court requests the Bureau of Prisons to have the defendant examined by a physician as soon as feasible and provide such treatment as indicated by the diagnosis.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:   October 4, 2019

John T. Copenhaver, Jr.
Senior United States District Judge