UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:15-00029

THOMAS WOODRUM

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On November 19, 2020, the United States of America appeared by M. Ryan Blackwell, Assistant United States Attorney, and the defendant, Thomas Woodrum, appeared in person and by his counsel, Mark McMillian, for a hearing on the petition, seeking revocation of supervised release submitted by United States Probation Officer Jeffrey D. Bella.  The defendant commenced a two-year (2) term of supervised release in this action on February 7, 2020, as more fully set forth in the Judgment Order entered by the court on October 4, 2019.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respect:  (1) On February 24, 2020, the defendant provided a urine specimen that tested positive for methamphetamine, and on March 11, 2020, the defendant verbally admitted to the probation officer that he used marijuana on or around February 24, 2020; on or about March 13, 2020, the defendant used methamphetamine and fentanyl and admitted the use of illegal drugs to Recovery U on March 13, 2020, and to his probation officer on March 23, 2020, (2) On March 13, 2020, the defendant failed to appear at Recovery U for its inpatient substance abuse program, and after admitting to staff at Recovery U the defendant's recent use of methamphetamine and fentanyl, he was no longer eligible to enter the program until he completed a detoxification and 28-day inpatient program, and although the defendant completed a detoxification program as noted by the Certificate of Completion from Logan Mingo Area Mental Health, Inc., the defendant did not complete the required 28-day inpatient program, (3) from on or about May 14, 2020, the defendant failed to contact the probation officer regarding his change in residence and had

absconded from his supervision until his arrest on July 23, 2020, (4) the defendant has failed to make monthly restitution payments since commencing his supervised release on February 7, 2020.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS on each of the two counts, to run concurrently, with no additional term of supervised release to be imposed.  It

is further ORDERED that restitution be reimposed in the amount of $1,037.46.

The court recommends that, while the defendant is incarcerated, the course of therapy currently provided by the jail continue until he is released by service of his sentence.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 20, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge